
FILED
U.S. DISTRICT COURT
AUGUSTA DIV

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

2007 JAN -4  P 12: 38

AUGUSTA DIVISION

CLERK J Burton
S.D. OF GA.

| | |
|---|---|
| ANTHONY D. THOMPSON, | ) |
| Plaintiff, | ) |
| v. | ) CV 106-099 |
| CLAY WHITTLE, et al., | ) |
| Defendants. | ) |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Scott State Prison in Hardwick, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

### I. SCREENING OF COMPLAINT

This is the third complaint Plaintiff has filed in this District alleging at least some of the same facts set forth in the present case. See Thompson v. Craig, 1:04cv131 (S.D. Ga. Aug. 24, 2004) (voluntarily dismissed); Thompson v. Jones, 1:03cv134 (S.D. Ga. Sept. 2, 2003) (dismissed for failure to state a claim upon which relief may be granted). Plaintiff has named twenty-four (24) Defendants in the present action, claiming a wide variety of violations. (Doc. no. 1, p. 4). Each of these events apparently occurred during, or just before, the time period

of May 27, 2002, to November 4, 2004, when Plaintiff was incarcerated at the Columbia County Detention Center in Appling, Georgia. (Id. at 5).

Plaintiff alleges that: 1) evidence from his criminal case was tampered with by investigators, and the officers threatened to kill his dog if no one picked it up in four hours; 2) jailors started a rumor that he was a snitch, which caused other inmates to threaten him; 3) jailors failed to protect him from an inmate known for violence and set up an incident through which the inmate had the opportunity to attack him; 4) jailors allowed an inmate to push human waste under his cell door and, after being notified, the guards did not remedy the situation until fifteen to twenty (15-20) minutes later; 5) he was not allowed to purchase an inmate calling card by Sergeant Harry Woods, although inmates who were foreign nationals were allowed to do so; 6) despite his complaints, he was forced to live in an insect infested cell and, as a result, he was bitten by a brown recluse spider; 7) Nurse Gary Warren did not provide proper or prompt treatment for the spider bite; 8) jailors would not allow him to buy legal books or other books directly from the publishers or keep legal books in his cell, and because of the inadequate legal materials at the jail his lawsuit against his former attorneys was dismissed because he did not know the proper elements of the "deliberate indifference" claim; 9) his jail mail was mishandled and was sometimes opened by Captain Brett Carani and Sergeant Harry Woods; and 10) jailors convinced him not to file a habeas corpus petition at one point, but later he filed a petition which is currently pending before the Georgia Supreme Court. (Id. at 5-13). Each of these events allegedly occurred because, among other reasons, Plaintiff is an African American, is from out of state, and because his county of conviction, Columbia County, Georgia, has a majority white population. (Id. at 5). Plaintiff requests

monetary damages and an injunction to prevent these incidents from reoccurring because he "could end up back at Columbia County Detention Center." (Id. at 13).

### A. Statute of Limitations

Several of Plaintiff's claims are subject to dismissal under the two-year statute of limitations applicable to civil rights cases filed in Georgia. Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986). Although state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual. Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996); Lavellee v. Listi, 611 F.2d 1129, 1130 (5th Cir. 1980). A claim filed under § 1983 accrues when the plaintiff knows or has reason to know that he was injured, and when he is aware or should be aware of who injured him. Rozar, 85 F.3d at 561-62.

Plaintiff's complaint was filed on July 17, 2006, and, therefore, each claim which accrued before July 17, 2004, is barred by the limitations period unless the "discovery rule" applies such that Plaintiff either did not know, or could not have known of his injury and its cause, until after this date. See id. Thus, at the outset, Plaintiff's claims 1) for tampering with evidence[1] and other threats by Defendant Investigator Brian C. Jones, which occurred around May 27, 2002; 2) for spreading rumors that he was a snitch by Defendants Robert Donahue and Benjamin Groves, which occurred around August 23, 2002; 3) for failure to protect him from another inmate against Defendants Robert Donahue and Benjamin Groves, which

---

[1] This claim is also barred under Heck v. Humphrey, 512 U.S. 477 (1994). To recover damages based upon actions which would render a conviction invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Id. at 487. Plaintiff's sentence has not been invalidated and, thus, this claim fails as a matter of law.

3

occurred on November 4, 2002; and 4) against Defendant Tremayne Lawson for allowing human feces to be pushed by under his door on December 29, 2002, are all barred by the two-year limitations period unless the discovery rule applies. The facts illustrate that Plaintiff either knew or should have known of the alleged injuries resulting from these claims before July 17, 2004. Thus, these claims are barred by the limitations period.

**B. Injunctive Relief Claims**

Plaintiff has several claims for which he is seeking injunctive relief against the Columbia County Detention Center because, although this is not his present facility of incarceration, he believes there is a chance he could be transferred back to this facility. However, § 1983 claims seeking only injunctive relief are rendered moot when a prisoner is transferred out of the facility where the alleged unconstitutional conduct occurred. See Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988); McKinnon v. Talladega County, Ala., 745 F.2d 1360, 1363 (11th Cir. 1984). Thus, Plaintiff's claims for injunctive relief based upon 1) the insect infestation in his cell, 2) his inability to purchase a calling card, 3) his inability to purchase legal and other books directly from the publishers and keep the books in his cell, and 4) the mishandling and opening of his mail are all moot and cannot form a basis for relief in this lawsuit.

**C. 42 U.S.C. § 1997e(e)**

Although Plaintiff's claims for injunctive relief are rendered moot based upon his transfer, this does not bar his claims for monetary damages. Young v. Lane, 922 F.2d 370, 374 (7th Cir. 1991). Nonetheless, several of Plaintiff's claims for compensatory damages are barred by 42 U.S.C. § 1997e(e). When a lawsuit involves 1) a federal civil action 2) brought by a prisoner 3) for mental or emotional injury 4) suffered while in custody, § 1997e(e)

requires a showing of more than *de minimis* physical injury in order for the plaintiff to proceed. Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312-13 (11th Cir. 2002). Thus, with regard to Plaintiff's claims which are not subject to dismissal upon screening, compensatory damages based upon "mental suffering, emotional anguish, loss of dignity, shame, and mortification" are barred for each claim where no allegation of physical injury has been set forth. (Doc. no. 1, p. 13).

**D. Additional Claims**

**1. Plaintiff's "Catch All" Claim**

Plaintiff alleges that he filed many grievances and made a number of requests to speak to supervisors, staff members, and deputies regarding his many problems. (Doc. no. 1, p. 11). He contends that, despite these requests, the problems were not corrected. Based upon this circumstance, Plaintiff names fourteen (14) individuals who he claims were either directly involved in the wrongs he alleges, encouraged the wrongs, or failed to properly manage their subordinates.[2] (Id.). This conclusory allegation is too amorphous to state a claim upon which relief may be granted.

"Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold a supervisory official or an employer liable, Plaintiff must demonstrate that either 1) the supervisor/employer

---

[2] The listed individuals include Defendants Sheriff Clay Whittle, Lieutenant Keith Cox, Dr. Andrews, Nurse Gary Warren, Sergeant Harvey Woods, Lieutenant W.D. Williams, Lieutenant John Cook, Sergeant Jennifer Douglas, Captain Brett Carani, Captain Donna Durham, Sergeant Hugh Williams, Sergeant James Paschal, Sergeant Richard Bradley, and Lieutenant John Carterette.

actually participated in the alleged constitutional violation, or 2) there is a causal connection between the actions of the supervisor/employer and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff is attempting to state a cause of action against these individuals without alleging any facts to support a conclusion that they participated in unconstitutional acts. As noted, Plaintiff merely makes the conclusory allegation that because his problems were not solved after notifying, or attempting to notify, these individuals they are subject to liability. This is insufficient to state a claim upon which relief can be granted.

Similarly, Plaintiff fails to allege a "causal connection" between these Defendants and any asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[3] puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff has proffered no allegations to

---

[3] The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

suggest that these 14 Defendants knew about any widespread abuse or that they were responsible for a custom or policy which resulted in deliberate indifference to constitutional violations. In sum, simply alleging the above-listed host of claims and stating that he complained to this group of 14 individuals at various times is insufficient to state a claim upon which relief may be granted against these Defendants.[4]

### 2. Cruel and Unusual Punishment Claims

Plaintiff alleges that he was subject to cruel and unusual punishment because he suffered a pulled groin, cuts and bruises, and emotional injuries during altercations with several deputies[5] on August 8, 2004, and August 31, 2004. (Doc. no. 1, p. 6). Although Plaintiff states that during these incidents he was never out of order, he does not provide any other facts to support his allegations. To properly state a cause of action, a plaintiff must include a short and plain statement of the facts upon which the claims against the defendants are based sufficient to allege violations of a clearly established constitutional right. Fed. R. Civ. P. 8(a)(2); Kyle K. v. Chapman, 208 F.3d 940, 944 (11th Cir. 2000). In this case, Plaintiff does not give any specific facts which show that he is entitled to relief. See Wilson v. Strong, 156 F.3d 1131, 1135 (11th Cir. 1998) (plaintiff's complaint subject to dismissal for failing to allege with sufficient particularity the violation of a clearly established right). Therefore, this claim fails as a matter of law.

---

[4] Although Plaintiff does not properly state a claim based upon supervisory liability against Defendants Warren, Woods, and Carani, the Court has, in a simultaneously filed Order, detailed the arguably viable claims Plaintiff sets forth against these individuals.

[5] These deputies include Defendants Anthony Streetman, Robert Ellis, Hugh Williams, Christopher Robertson, and John Cook.

### 3. Denial of Access to the Courts Claims

Plaintiff's alleges that he was denied access to the courts because at one time certain deputies[6] dissuaded him from filing a habeas corpus petition. (Doc. no. 1, p. 5) The First Amendment safeguards the right "to petition the Government for a redress of grievances." U.S. Const. amend. I. To that end, the Supreme Court has held that inmates must be provided "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Lewis v. Casey, 518 U.S. 343, 351 (1996) (quoting Bounds v. Smith, 430 U.S. 817, 825 (1977)). However, to state a viable access-to-the-courts claim, a plaintiff must plead and prove actual injury to existing or contemplated litigation of nonfrivolous (and therefore viable) claims challenging the plaintiff's sentence or conditions of confinement. Lewis, 518 U.S. at 349-55; see also Wilson v. Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998) (emphasizing that an inmate's right to access the courts is only implicated where there is actual injury suffered "in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement."). The Eleventh Circuit has clarified the requirements for pursuing a denial-of-access-to-the-courts claim as follows:

> [A] plaintiff first must show actual injury before seeking relief . . . . This essential standing requirement means that prison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action. To prevail, a plaintiff must provide evidence of [] deterrence, such as denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials.

---

[6]These deputies include Sergeant Harvey Woods and Sergeant Jennifer Douglas. (Doc. no. 1, p. 5).

8

Blankenship, 163 F.3d at 1290-91 (emphasis added) (citations omitted). Stated otherwise, there must be an allegation that the actions of prison officials "hindered . . . 'efforts to proceed with a legal claim in a criminal appeal, post conviction matter, or civil rights action seeking to vindicate basic constitutional rights.'" Id. at 1291 (quoting Sabers v. Delano, 100 F.3d 82, 84 (8th Cir. 1996)(*per curiam*)).

Here, Plaintiff admits that he subsequently filed a habeas petition which is currently pending before the Georgia Supreme Court. (Doc. no. 1, p. 13). Thus, even if Plaintiff's initial assertion is correct, he does not allege that he was prejudiced by the deputies' dissuasion, nor could such a claim of prejudice be arguably valid unless the petition was granted. Because Plaintiff's petition is still pending he fails to state a cause of action with regard to his access to the courts claim as it relates to his habeas petition.

As to his denial of access to the courts claim based on the allegation that jail officials would not allow him to buy legal books or other books directly from the publishers or keep legal books in his cell, it too fails. Plaintiff claims that because of the inadequate legal materials at the jail, his lawsuit for "deliberate indifference" against his former attorneys was dismissed because he did not know the proper elements of the claim. Even so, Plaintiff fails to name any Defendant with respect to this claim, therefore, Plaintiff fails to state a claim upon which relief may be granted.[7]

---

[7]Even if Plaintiff had named a proper Defendant with respect to this claim, he fails to satisfy the actual injury requirement. Plaintiff's alleged injury in this case was that his "deliberate indifference" claims against his former attorneys were dismissed. The Court is unaware of the existence of any such an action and cannot determine if the dismissal of this action rises to the level of an actual injury.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendants Clay Whittle, Donna Dunham, Dr. Andrews, Brian C. Jones, John Cook, Keith Cox, W.D. Williams, Jennifer Douglas, Hugh Williams, John Carterette, Richard Bradley, James Paschal, Paul Andrews, Robert Ellis, Christopher Robertson, Anthony Streetman, Tremayne Lawson, Gerald Henderson, Robert Donohue, Benjamin Groves, and Columbia Co. Sheriff's Department/Jail, and Health Care Contractor be **DISMISSED**, and that Plaintiff's injunctive relief, mental and emotional injury, and supervisory liability claims against Defendants Woods, Warren, and Carani also be **DISMISSED**.[8]

SO REPORTED and RECOMMENDED this 4th day of January, 2007, at Augusta, Georgia.

_W. Leon Barfield_
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[8] The Court has directed that service of process be effected on Defendants Sergeant Harry Woods, Nurse Gary Warren, and Captain Brett Carani only for the claims specifically set forth in a simultaneously filed Order.