ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ANTHONY D. THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 106-099 |
| | ) | |
| GARY WARREN, Nurse; DR. FNU ANDREWS; CLAY WHITTLE, Sheriff; BRETT CARANI, Capt.; DONNA DUNHAM, Capt.; HARVEY WOODS, Lt. (formerly Sgt.); BRIAN JONES, Inv.; JOHN COOK, Lt.; KEITH COX, Lt.; W.D. WILLIAMS, Lt.; JENNIFER DOUGLAS, Sgt.; HUGH WILLIAMS, Sgt; JOHN CARTERETTE, Lt.; RICHARD BRADLEY, Sgt.; JAMES PASCHAL, Sgt.; PAUL ANDREWS, Lt.; ROBERT ELLIS, Deputy; ANTHONY STREETMAN, Deputy; TREMAYNE LAWSON, Deputy; GERALD HENDERSON, Deputy; ROBERT DONOHUE, Deputy; and BENJAMIN GROVES, Deputy, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Scott State Prison in Hardwick, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis* ("IFP"), it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972)

(*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

Accordingly, on January 4, 2007, the Court reviewed Plaintiff's complaint in conformity with the IFP statute. (See docs. no. 19, 21). The Court directed that service of process be effected upon Defendants Lt. (formerly Sgt.) Harvey Woods, Nurse Gary Warren, and Cpt. Brett Carani for the claims specifically set forth in the Court's January 4th Order (doc. no. 21) and, in a simultaneously filed Report and Recommendation ("R&R"), advised that the other Defendants and claims be dismissed from this action (doc. no. 19).

On March 3, 2007, Plaintiff filed his "Amendment to Complaint." (Doc. no. 31). However, as Plaintiff did not utilize the proper procedure to amend his complaint, the Court's March 27, 2007 Order directed Plaintiff to fully amend his complaint to include all of the alleged facts in one document. Plaintiff has submitted an amended complaint in response to the Court's March 27th Order, (doc. no. 39), and it is this document that the Court will now screen.

## I. SCREENING OF AMENDED COMPLAINT

The events forming the basis of the Plaintiff's claims occurred following his arrest on May 27, 2002, while he was a pretrial detainee at the Columbia County Detention Center ("CCDC") in Appling, Georgia. (Id. at 5). The Court's previous R&R, which was adopted by the Honorable Lisa Godbey Wood, United States District Judge, as the opinion of that Court, concluded that many of the claims which are reasserted in Plaintiff's amended complaint were not viable. Although the Court will not repeat the analysis contained within

in its previous R&R, additional explanation is necessary regarding certain additions which are contained within Plaintiff's amended complaint.

## A. Statute of Limitations

Plaintiff reasserts claims which, as explained in the Court's previous R&R (doc. no. 19, pp. 3-4), are subject to dismissal under the two-year statute of limitations applicable to civil rights cases filed in Georgia. Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986). Plaintiff's complaint was filed on July 17, 2006, and, therefore, each claim which accrued before July 17, 2004, is barred by the limitations period unless the "discovery rule" applies such that Plaintiff either did not know, or could not have known of his injury and its cause, until after this date. Rozar v. Mullis, 85 F.3d 556, 561-62 (11th Cir. 1996). Plaintiff states that the discovery rule applies to all of his claims which accrued before July 17, 2004, because if the CCDC had an adequate law library he could have "learned" about these violations sooner. (Doc. no. 39, p. 11). However, Plaintiff's argument is misplaced. The limitations period accrues from the date Plaintiff knew or could have known of his injury and its cause, not the date Plaintiff discovered through legal research that his injuries may give rise to an actionable claim. Burt v. Martin, 193 Fed. Appx. 829, 830 (11th Cir. July 14, 2006).

Therefore, at the outset, Plaintiff's claims: (1) for tampering with evidence by Defendant Inv. Brian Jones and threats by Defendant Deputy Gerald Henderson, which both occurred around May 27, 2002; (2) against Defendant Deputy Tremayne Lawson for allowing human feces to be pushed by under his door on December 29, 2002; (3) for failure to protect him from another inmate against Defendants Deputy Robert Donahue and Deputy

3

Benjamin Groves, which occurred on November 4, 2002; and (4) for spreading rumors that he was a snitch by Defendants Deputy Robert Donahue and Deputy Benjamin Groves, which occurred around July 2002, are all barred by the two-year limitations period. (Doc. no. 39, pp. 5-11). The facts illustrate that Plaintiff either knew or should have known of the alleged injuries resulting from these claims before July 17, 2004. Thus, these claims are barred by the limitations period.

## B. Plaintiff's "Catch All" Claim

Plaintiff, once again, brings a catch all claim against supervisors at the CCDC. (Id. at 11). The listed individuals include Defendants Sheriff Clay Whittle, Lt. Keith Cox, Dr. Andrews, Lt. Harvey Woods, Lt. W.D. Williams, Lt. John Cook, Sgt. Jennifer Douglas, Cpt. Brett Carani, Cpt. Donna Dunham, Sgt. Hugh Williams, Sgt. James Paschal, Sgt. Richard Bradley, Lt. John Carterette, and Lt. Paul Andrews. Plaintiff alleges that he filed many grievances which were handled by these supervisors and, in conclusory fashion, states that these individuals are liable because they either actually participated or were put on notice of the events underlying all of his claims. However, as explained in the Court's previous R&R, conclusory allegations with no supporting facts are insufficient to state a claim upon which relief may be granted. (Doc. no. 19, pp. 5-7). As such, Plaintiff's catch all claim against these Defendants in their supervisory capacity should be dismissed.[1]

---

[1]"Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted). To hold a supervisory official liable, Plaintiff must allege facts which demonstrate that either (1) the supervisor/employer actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor/employer and the alleged constitutional violation. Id. A blanket conclusory allegation that these

## C. Denial of Access to the Courts Claims

Plaintiff also reasserts his denial of access to the courts claims, stating that his previous civil actions, and certain motions which were filed in his state criminal case, would not have been dismissed or denied if Defendants Lt. Harvey Woods and Sgt. Jennifer Douglas had kept an adequate legal library at the CCDC or allowed him to buy legal books or other books directly from the publishers. (Doc. no. 39, pp. 7-8). However, even though Plaintiff's amended complaint, as opposed to his original complaint, names specific Defendants with respect to these claims, as previously stated in the Court's R&R (doc. no. 19, pp. 8-9), Plaintiff has not set forth an actual injury sufficient to state a cause of action for his denial of access to the courts claims. As the Court previously noted, a plaintiff must plead and prove actual injury to existing or contemplated litigation of nonfrivolous (and therefore viable) claims challenging the plaintiff's sentence or conditions of confinement. Lewis v. Casey, 518 U.S. 343, 349-54 (1996). Although Plaintiff states in a conclusory fashion that his previous lawsuits and criminal motions would not have been dismissed or denied if he had access to a better law library, Plaintiff alleges no facts which demonstrate that he had possibly viable claims that simply suffered from deficiencies that could have been cured through better access to legal materials. As such, Plaintiff's denial of access to the courts claims should be dismissed.[2]

---

fourteen (14) supervisors actually participated or were aware and failed to remedy all of Plaintiff's numerous problems is insufficient to state a claim upon which relief may be granted.

[2] Additionally, to the extent Plaintiff is seeking compensatory damages for "mental, emotional anguish, loss of dignity, shame, and mortification" based upon claims for which there is no allegation of physical injury (doc. no. 39, p. 13), these claims are barred by 42

5

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendants Sheriff Clay Whittle, Lt. Keith Cox, Dr. Andrews, Lt. W.D. Williams, Sgt. Jennifer Douglas, Cpt. Donna Dunham, Sgt. Hugh Williams, Sgt. James Paschal, Sgt. Richard Bradley, Lt. John Carterette, Lt. Paul Andrews, Deputy Tremayne Lawson, Deputy Gerald Henderson, Deputy Robert Donohue, and Deputy Benjamin Groves be **DISMISSED**. The Court also **REPORTS** and **RECOMMENDS** that Plaintiff's injunctive relief, mental and emotional injury, and supervisory liability claims against Defendants Lt. Harvey Woods, Nurse Gary Warren, Cpt. Brett Carani, Deputy Robert Ellis, Sgt. Hugh Williams, Lt. John Cook, and Deputy Anthony Streetman be **DISMISSED**.[3]

SO REPORTED and RECOMMENDED this 31st day of May, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

U.S.C. § 1997e(e), as explained in the Court's previous R&R (doc. no. 19, pp. 4-5). Furthermore, any claims for which Plaintiff is seeking injunctive relief against CCDC employees are moot because Plaintiff has been transferred out of the facility where the alleged unconstitutional conduct occurred. Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988).

[3]The Court has previously directed that service of process be effected on Defendants Lt. Harvey Woods, Nurse Gary Warren, and Cpt. Brett Carani for the claims specifically set forth in the Court's January 4, 2007 Order, and which were reasserted in Plaintiff's amended complaint. In a simultaneously filed Order, the Court has also directed that service of process be effected upon Defendants Deputy Robert Ellis, Sgt. Hugh Williams, Lt. John Cook, and Deputy Anthony Streetman based upon the specific claims set forth in that Order.